Shauck, J.
Counsel for the plaintiffs in error present several propositions which in view of the reasons stated, and authorities cited, would be entitled to careful consideration before the judgment under review should be' affirmed. It is urged that the-J. Harris Company is the purchaser of the later invention for value, and without notice, either actual or constructive, of the rights which the Wallace Company now assert, or of the facts out of which it is claimed that those' rights arise. The claim of the Wallace Company that there was constructive notice introduces conflicting views respecting the requirements of constructive notice of rights in property of this character.
• It is further urged that in view of the obvious differences in the devices manufactured under the two patents and the wide dissimilarity between the uses to which they are appropriate, the later should not be regarded as an improvement upon the former with'in the meaning of the contract of June 1, 1901. The claim of the Wallace Company of identity of principle introduces a subject upon which the expert witnesses are not in accord.
It is further urged that the contract upon which the original plaintiff counted, is a contract in gross to assign all future inventions, that it is not incident to a contract of employment and that it is not, therefore, such a contract as will be specifically enforced.
Respecting the evidence tending to show the Wallace Company’s disclaimer of interest in the later invention at the time of the purchase of its rights thereunder by the Harris Company, counsel for the plaintiffs in error admit the general rule *108 ■that when' there is opportunity, the facts out! of :which an equitable estoppel is claimed to arise •must be pleaded, and that in the present-case they are not pleaded by the Harris Company to which they would be availing but only by J. Harris to whom they would be unavailing because he has assigned his interest. But since in this state o'f the pleadings the evidence to establish an estoppel was admitted without objection, is it not entitled to be considered, notwithstanding the absence of such allegations as would make it competent?
Finally, counsel for the plaintiffs in error urge that -the delay of the Wallace Company and its predecessors during four years to assert' the right, .whose enforcement it how seeks, should, upon settled principles, deny it consideration in a court of equity.. If'this point is well taken the others need riot be examined further. To this point the oft-approved statement of Lord Camden in Smith v. Clay, 3 Bro. C. C., 640, is appropriate:. “A court of equity which is never active in relief against conscience or public convenience has always refused its aid to stale demands where a party has slept upon his rights and acquiesced for a great length of time. Nothing can call forth this court into activity but conscience,- good faith and reasonable diligence.” Indeed the fundamental truth has found a condensed expression .in the familiar maxim, equity aids the vigilant, not those who slumber on their rights. The restraining influence of. that maxim may be seen throughout the administration -of equitable relief. It regards the .just and • important considerations • that rights should be asserted before, lapse of time! may have *109 added to the-difficulty and uncertainty in’, judicial inquiry, and before acquiescence may have encouraged the adverse party to so change his position with respect to the subject that the enforcement of the right would impose unnecessary loss or hardship upon him. Certainly the rule also regards circumstances, if any appear, reasonably justifying or excusing the delay, and it regards conduct of the defendant, if any there appears, by which he may have.encouraged such delay. What delay will be fatal to the assertion of an equitablé right is not always, perhaps • not usually, to be determined from lapse of time alone. So potent with respect to that question may be the attendant circumstances that even the -delay of four years in the present case, it is conceivable might find equitable excuse. In considering- the circumstances attending the delay in the bringing of this suit, distinction between the parties and their predecessors in right may be ignored. Throughout the four years the J. Harris Company was openly operating under the second of the patents here brought into view, and expending time and money in perfecting and bringing to sale an acetylene heating device, in which it created a monopoly. Of all they did in that regard the Wallace Company was fully aware from the beginning to the end of the four years. It is not necessary, to impute to the Wallace Company a deliberately formed design to secure, without return, a market for the second device created by the labor and expenditure of the Harris Company. So widely different in appearance and application were the two devices that it probably did not at any time *110 in the four years occur to either, party that the later patent was an improvement upon the former within the terms of the contract of June, 1901. The Harris Company was guilty of no fraud or concealment, and it can not be held to a fuller comprehension of the rights of the Wallace Company than it had. Upon the assumption we are now making, that the later invention was an improvement on the former, it must in the equitable view be regarded as the misfortune of the plaintiff if it did not know the extent of its rights,- as it must be regarded as its want of conscience if it knew of those rights and did not make an earlier assertion of them. The case presents no consideration which would justify a court in decreeing the specific performance of the contract after a delay of four years in the assertion of the alleged right. On the contrary, there are conspicuously present the unnecessary hardship to the defendant and the suggestion of insecure foundations of decrees which have given to laches a recognized place among equitable defenses.
Judgment reversed and judgment for plaintiffs in error.

Judgment reversed.

Spear, C. J., Davis, Johnson and Donahue, JJ., concur.